UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                    2:05-cr-38-FtM-29SPC

ULISES COLOMO-MARTINEZ
_____

### OPINION AND ORDER

_____This matter comes before the Court on defendant's Motion for Sentencing Adjustment (Doc. #162) filed on April 9, 2007. Defendant reports that he is a deportable alien who is ineligible for placement in a halfway house and ineligible to participate in the 500 hour Residential Drug Abuse Program while in prison, successful completion of which offers the potential of a year off the sentence. As a remedy, defendant seeks at least a six months reduction in sentence without having to participate in either program.

The Court has an obligation to determine if it has authority to consider defendant's request. The authority of the Court is an issue of law. United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002), cert. denied, 539 U.S. 951 (2003). Because defendant is proceeding *pro se*, the Court must construe his request for post-conviction relief liberally, United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997), and consider all possible bases of authority even though none may be identified by defendant. United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990), cert.

denied, 499 U.S. 979 (1991).  The Court has no inherent power to correct or modify a sentence, but rather must look to the specific parameters of federal statutes and the Federal Rules of Criminal Procedure.  Diaz-Clark, 292 F.3d at 1315.

Title 18 U.S.C. § 3582(c) provides statutory authority to modify a sentence under certain circumstances, but none of the circumstances apply in this case.  Section 3582(c)(1)(A) does not apply because the request is not made by the Director of the Bureau of Prisons.  Section 3582(c)(1)(B) does not apply because there are no other statutes which expressly permit such a modification, as discussed further below, and the sentence was modified once upon the government's Rule 35(b) motion.  Section 3582(c)(2) does not apply because the sentencing range has not been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o).  The Court finds no other basis for authority to change the sentence under the circumstances argued by defendant.

Accordingly, it is now

**ORDERED**:

Defendant's Motion for Sentencing Adjustment (Doc. #162) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___12th___ day of April, 2007.

JOHN E. STEELE
United States District Judge

-2-

Copies:
AUSA
Counsel of Record
Ulises Colomo-Martinez